EMANUEL GROSS, PROSECUTOR, v. BOARD OF COMMIS-
SIONERS OF JERSEY CITY, DEFENDANT.

Argued August 21, 1923—Decided August 29, 1923.

1. Section 22 of the Home Rule act, as amended in 1921 (*Pamph.
   L., p.* 511), and cognate sections of the act, do not indicate
   when assessments for benefits of local improvements are to be
   made, and it is a permissible construction of the statute that
   such assessments may be made before the work is completed.
2. A court of first instance ought not to set aside proceedings for
   municipal improvements on a doubtful construction of a statute,
   where it is not clear that the prosecutor has been injured.

On *certiorari.* .

Before Justice BLACK, under the statute.

For the prosecutor, *Gross & Gross.*

For the defendant, *Thomas J. Brogan.*

The opinion of the court was delivered by

BLACK, J. A writ of *certiorari* was allowed in this case,
to review the proceedings and confirmation by the board of
assessment commissioners of Jersey City, made on June 12th,
1923, for the widening of Sip avenue from Summit avenue
to Bergen avenue, and the widening of Bergen avenue from
the northerly side of Bergen square to Sip avenue, Jersey
City, New Jersey. The commissioners determined the total cost
is $572,570.49. The total amount of awards to landowners is
$564,120.49. The total amount of benefits assessed is
$268,560. Amount to be paid by the city at large is
$304,010.49.

The proceedings were taken under the provisions of an act
of the legislature concerning municipalities (*Pamph. L.* 1917,
*p.* 319, and *Pamph. L.* 1921, *p.* 511), known as the Home
Rule act. By the latter act (*Pamph. L.* 1921, *p.* 514, § 42), it

is provided: "Any owner of property assessed for benefits or awarded damages as incidental to the improvement, as distinguished from damages for land to be taken may, within thirty days after confirmation, appeal from the same to the Court of Common Pleas of the county wherein such municipality is located." Appeals in this case have been taken, so, the only question before the court under the writ allowed is the legality of the proceedings. So, the amounts of the awards are not involved. The prosecutor's assessment for benefits exceeds the damages by the sum of $2,208.93.

The prosecutor attacks the legality of the proceedings and the confirmation of the awards. He argues four points in the brief—*first,* no notice was given by the assessment commissioners that assessments for benefit would be made; *second,* no improvements have been made, assessment for benefits should not have been made; *third,* the resolution of the board of commissioners as to the payment of awards does not conform with the report and schedules of the commissioners of assessment; *fourth,* the report, map and schedules are contrary to the provisions of the statute.

There is no legal merit in the first ground of attack. The notice of January 27th, 1923, providing for a public hearing for Tuesday, February 6th, 1923, follows identically the language of the statute. The word "improvement" is used in both statute and notice. *Pamph. L.* 1917, *p.* 374, § 9. The word "improvement" is most comprehensive as defined in the statute (*Pamph. L.* 1917, *p.* 370, § 1) : "A local improvement is one, the cost of which, or a portion thereof, may be assessed upon lands in the vicinity thereof benefited thereby." The notice recites the statute under which the improvement is to be made and under which assessments for benefits were levied.

*Second.* No improvement has been made. The contention of the prosecutor is that, only upon the completion of the work on the ground may an assessment for benefits be levied. An assessment for benefits is provided for in *Pamph. L.* 1917, § 1, *p.* 370, sections 14, 16 to 21, *p.* 377, and section 30, *p.* 383. *Pamph. L.* 1921, *p.* 511, § 22, provides: "In addition to the

making of assessments for benefits, the said officer or board, or majority of such board, shall also at the same time fix and determine the amount, if any, that any property is damaged incidentally to the making of the improvement, but exclusive of damages for land taken." None of the sections in the statute in express words indicate the time when the assessment for benefits is to be made, except in sections 14, 18 and 20, "upon completion of any local improvement." That is, they do not state whether the assessment is to be made before or after the work involved in the improvement is actually done. That it may be made before, at least is a permissible construction of these sections of the statute, applied to an appropriate case, where the facts will justify it, such, as here, where all the factors are known, from which an intelligent assessment for benefits and damages can be estimated. This is simply a case of widening an existing street or roadway. The completion or cost of the work involved will not be a factor in the estimation, as that is borne by the city at large. So, this point is without substantial merit. If such be a permissible construction of these sections of the statute, the cases cited by the prosecutor in his brief are not applicable to the situation under investigation. At all events, a court of the first instance ought not to set aside municipal improvements on a doubtful construction of a statute, where it is not clear that the prosecutor has been injured. *McCarty* v. *Boulevard Commissioners of Hudson Co.,* 91 *N. J. L.* 143. This is particularly so, as section 30 (*Pamph. L.* 1917, *p.* 383) provides, "all assessments for local improvements shall be presumed to have been regularly assessed and confirmed." Section 26, *p.* 463, provides, "in construing the provisions of this act, all courts shall construe the same most favorably to municipalities." It is a remedial statute of wide application for the government of the state's expending and governing municipalities, and should be liberally construed. Sections 14, 18 and 20 (*Pamph. L.* 1917, *p.* 376) relied upon by the prosecutor are not controlling.

*Third.* The resolution of the board of commissioners as to the payment of awards does not conform with the report and

706     NEW JERSEY SUPREME COURT.

schedule of the commissioners of assessment. The return to the *certiorari* shows that on July 12th, 1923, the map and report, as filed by the commissioners of assessment on the 15th day of May, 1923, and the awards for lands to be taken were approved and confirmed. Warrants were ordered drawn in favor of the persons for the amounts set opposite their respective names in payment of said awards for lands taken. The map shows some fifteen separate items opposite each owner's name. One heading is the "value of the land taken;" another is "damages in excess of benefits," &c. This point is without legal merit.

The same is true as to the fourth reason, viz., the report, map and schedule are contrary to the provisions of the statute. The specific point made under this head is that the proceedings for the condemnation of lands and the proceedings for the assessment of benefits cannot be combined. The answer to this is found in the statute. *Pamph. L.* 1921, *p.* 511, §§ 22, 23. The provisions of the statute have been followed. It is difficult to see how such proceedings are rendered illegal, or how the prosecutor is injured by combining the two proceedings. These are all the points argued. Reasons not argued in the brief will be taken as waived or abandoned. *Reinfeld* v. *Laden, post p.* 709.

The proceedings and the assessment for benefits are affirmed, with costs.